# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.

JERMAINE JERWON FREEMAN
  a/k/a "Maine"
and
JAMIE LYNWOOD MURRAY
_____/

SEALED INDICTMENT

1:20cr7/AW

THE GRAND JURY CHARGES:

## COUNT ONE

Between on or about May 1, 2018, and on or about May 5, 2020, in the Northern District of Florida and elsewhere, the defendants,

**JERMAINE JERWON FREEMAN,**
a/k/a "Maine,"
and
**JAMIE LYNWOOD MURRAY,**

did knowingly and willfully combine, conspire, confederate, and agree together and with other persons to distribute and possess with intent to distribute a controlled substance, and this offense involved methamphetamine, cocaine, cocaine base, and marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

Returned in open court pursuant to Rule 6(f)

May 20, 2020
Date

[signature]
United States Magistrate Judge

Quantity of Controlled Substance Involved in the Conspiracy

With respect to defendant **JERMAINE JERWON FREEMAN**, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers; a quantity of cocaine, its salts, isomers, and salts of its isomers; a quantity of cocaine base; and a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(C), and 841(b)(1)(D).

With respect to defendant **JAMIE LYNWOOD MURRAY**, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers; a quantity of cocaine, its salts, isomers, and salts of its isomers; a quantity of cocaine base; and a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(C), and 841(b)(1)(D).

All in violation of Title 21, United States Code, Section 846.

On or about September 17, 2004, **JERMAINE JERWON FREEMAN** was convicted in the United States District Court for the Northern District of Florida, of a serious drug felony, that is, Conspiracy to Distribute and Possession with Intent to Distribute More Than Fifty (50) Grams of Crack Cocaine, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(i), for which he served a term of imprisonment of more than twelve months and was released from service of that term on or about November 2, 2012, which was within fifteen years of the commencement of the offense charged in this count, that is, on or about May 1, 2018.

On or about January 5, 2006, **JERMAINE JERWON FREEMAN** was convicted in Dixie County, Florida, of serious drug offenses, that is, Sale of Cocaine within 1000' of a Place of Worship (two counts) and Possession of Cocaine with Intent to Sell within 1000' of a Place of Worship (two counts), offenses described in Title 18, United States Code, Section 924(e)(2)(A)(ii), for which he served a term of imprisonment of more than twelve months and was released from service of that term on or about August 29, 2008, which was within fifteen years of the commencement of the offense charged in this count, that is, on or about May 1, 2018.

On or about May 9, 2005, **JAMIE LYNWOOD MURRAY** was convicted in Jefferson County, Florida, of a serious violent felony, that is, Carjacking, an

3

offense described in Title 18, United States Code, Section 3559(c)(2)(F), for which he served a term of imprisonment of more than twelve months.

On or about June 12, 2006, **JAMIE LYNWOOD MURRAY** was convicted in Jefferson County, Florida, of a serious drug felony, that is, Sale of Controlled Substance, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(ii), for which he served a term of imprisonment of more than twelve months and was released from service of that term on or about April 26, 2009, which was within fifteen years of the commencement of the offense charged in this count, that is, on or about May 1, 2018.

On or about June 12, 2006, **JAMIE LYNWOOD MURRAY** was convicted in Jefferson County, Florida, of a serious drug felony, that is, Sale of Controlled Substance, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(ii), for which he served a term of imprisonment of more than twelve months and was released from service of that term on or about April 26, 2009, which was within fifteen years of the commencement of the offense charged in this count, that is, on or about May 1, 2018.

## COUNT TWO

Between on or about March 7, 2020, and on or about March 11, 2020, in the Northern District of Florida, the defendants,

**JERMAINE JERWON FREEMAN,**

a/k/a "Maine,"
and
**JAMIE LYNWOOD MURRAY,**

did knowingly and intentionally possess with intent to distribute a controlled substance, and this offense involved 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers; a quantity of cocaine, its salts, isomers, and salts of its isomers; a quantity of cocaine base; and a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(C), and 841(b)(1)(D), and Title 18, United States Code, Section 2.

On or about September 17, 2004, **JERMAINE JERWON FREEMAN** was convicted in the United States District Court for the Northern District of Florida, of a serious drug felony, that is, Conspiracy to Distribute and Possession with Intent to Distribute More Than Fifty (50) Grams of Crack Cocaine, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(i), for which he served a term of imprisonment of more than twelve months and was released from service of that term on or about November 2, 2012, which was within fifteen years of the commencement of the offense charged in this count, that is, on or about March 7, 2020.

On or about January 5, 2006, **JERMAINE JERWON FREEMAN** was convicted in Dixie County, Florida, of serious drug offenses, that is, Sale of Cocaine within 1000' of a Place of Worship (two counts) and Possession of

Cocaine with Intent to Sell within 1000' of a Place of Worship (two counts), offenses described in Title 18, United States Code, Section 924(e)(2)(A)(ii), for which he served a term of imprisonment of more than twelve months and was released from service of that term on or about August 29, 2008, which was within fifteen years of the commencement of the offense charged in this count, that is, on or about March 7, 2020.

On or about May 9, 2005, **JAMIE LYNWOOD MURRAY** was convicted in Jefferson County, Florida, of a serious violent felony, that is, Carjacking, an offense described in Title 18, United States Code, Section 3559(c)(2)(F), for which he served a term of imprisonment of more than twelve months.

On or about June 12, 2006, **JAMIE LYNWOOD MURRAY** was convicted in Jefferson County, Florida, of a serious drug felony, that is, Sale of Controlled Substance, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(ii), for which he served a term of imprisonment of more than twelve months and was released from service of that term on or about April 26, 2009, which was within fifteen years of the commencement of the offense charged in this count, that is, on or about March 7, 2020.

On or about June 12, 2006, **JAMIE LYNWOOD MURRAY** was convicted in Jefferson County, Florida, of a serious drug felony, that is, Sale of Controlled Substance, an offense described in Title 18, United States Code, Section

924(e)(2)(A)(ii), for which he served a term of imprisonment of more than twelve months and was released from service of that term on or about April 26, 2009, which was within fifteen years of the commencement of the offense charged in this count, that is, on or about March 7, 2020.

## COUNT THREE

On or about March 11, 2020, in the Northern District of Florida, the defendant

## JAMIE LYNWOOD MURRAY,

in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute a controlled substance, as charged in Count One of this Indictment, and possession with intent to distribute a controlled substance, as charged in Count Two of this indictment, did knowingly possess a firearm, namely, a Chiappa .380 caliber pistol.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FOUR

On or about March 11, 2020, in the Northern District of Florida, the defendant

## JAMIE LYNWOOD MURRAY,

knowing he had previously been convicted of a crime punishable by imprisonment

7

for a term exceeding one year, knowingly possessed a firearm and ammunition in and affecting interstate and foreign commerce, that is:

1. a. On or about May 9, 2005, **JAMIE LYNWOOD MURRAY** was convicted in the State of Florida of Carjacking;

   b. On or about June 12, 2006, **JAMIE LYNWOOD MURRAY** was convicted in the State of Florida of Sale Controlled Substance and Possession Controlled Substance;

   c. On or about June 12, 2006, **JAMIE LYNWOOD MURRAY** was convicted in the State of Florida of Sale Controlled Substance and Possession Controlled Substance;

   d. On or about July 7, 2014, **JAMIE LYNWOOD MURRAY** was convicted in the State of Florida of Burglary Structure; and

   e. On or about July 7, 2014, **JAMIE LYNWOOD MURRAY** was convicted in the State of Florida of Burglary Conveyance with Assault.

2. For each of these crimes, **JAMIE LYNWOOD MURRAY** was subject to punishment by a term of imprisonment exceeding one year.

3. Thereafter, **JAMIE LYNWOOD MURRAY** did knowingly possess a firearm, to wit, a Chiappa .380 caliber pistol, and ammunition, namely Hornady .380 caliber and Remington 9 millimeter.

4.   This firearm and ammunition had previously been transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## CONTROLLED SUBSTANCE FORFEITURE

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 21, United States Code, Section 853.

From their engagement in the violations charged in Counts One and Two of this Indictment, punishable by imprisonment for more than one year, the defendants,

**JERMAINE JERWON FREEMAN,**
a/k/a "Maine,"
**and**
**JAMIE LYNWOOD MURRAY,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all of their interest in:

A.   Property constituting and derived from any proceeds the defendants obtained, directly or indirectly, as the result of such violations.

B.   Property used and intended to be used in any manner or part to commit and to facilitate the commission of such violations.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendants:

      i. cannot be located upon the exercise of due diligence;

      ii. has been transferred, sold to, or deposited with a third party;

      iii. has been placed beyond the jurisdiction of this Court;

      iv. has been substantially diminished in value; or

      v. has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants, up to the value of the above forfeitable property.

## FIREARM FORFEITURE

The allegations contained in Counts Three and Four of this Indictment are hereby realleged and incorporated by reference. Because the defendant,

**JAMIE LYNWOOD MURRAY,**

knowingly committed the violations set forth in Counts Three and Four of this Indictment, any and all interest that this defendant has in the firearms and

ammunition involved in these violations is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 924(d)(1).

A TRUE BILL:

████████████████████

5-20-20
DATE

_L—K_
LAWRENCE KEEFE
United States Attorney

_(signature)_
CHRISTOPHER M. ELSEY
Assistant United States Attorney