IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE No. 1:20cr7-AW

JAMIE LYNWOOD MURRAY
_____/

## STATEMENT OF FACTS

THE UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney, provides this factual basis for the acceptance of the guilty plea of Defendant Jamie Lynwood Murray. This Statement of Facts does not contain each and every fact relating to the commission of the offenses charged in the indictment in the captioned case, but is a recitation of those facts necessary to provide a factual basis for Defendant's plea. Should this case proceed to trial, the government is prepared to present evidence as follows:

During the dates alleged in the indictment, Jermaine Freeman obtained and distributed large amounts of methamphetamine and other controlled substances, including: cocaine, cocaine base, and marijuana in and around Gilchrist County, Northern District of Florida.

On March 11, 2020, DEA agents executed federal search warrants at two residences in Trenton, Gilchrist County, Florida. The first residence is where Freeman lived with his girlfriend. The second residence was operated by Freeman as a "trap house," a place where Freeman would store and sell controlled substances.

When agents executed the search warrant on the second residence, they located Defendant Jamie Murray inside the master bedroom, attempting to make a phone call. Murray was detained and a thorough search was conducted. This residence appeared to be in the midst of remodeling, as it was almost completely empty. Agents located a black duffel bag within the master bedroom. A baggie containing 2.59 grams (gross) of powder cocaine was located on top of the bag. Inside the duffel bag, agents located two boxes of Remington 9 millimeter ammunition, a pair of men's pants containing $940 cash, and a set of car keys. The keys went to a gold Tahoe that was parked on the property, which Murray admitted to driving, but which belongs to both Freeman and his girlfriend. Murray admitted that the pants and cash from the duffel bag were his. As the search continued, agents located 145 grams (gross) methamphetamine, 83 grams (gross) of powder cocaine, 45 grams (gross) of cocaine base, and two digital scales inside a drawer in the master bathroom. Also within the master bathroom, agents located a Chiappa .380 caliber pistol rolled up inside a pair of men's pants, which were the same size

as Murray's claimed pants from the duffel bag. The pistol was loaded with Hornady .380 caliber ammunition. Murray was arrested on state charges that day. Freeman was not present at either location when the search warrants were executed.

On that same date, agents made contact with "C. S." "C. S." identified Freeman as his/her primary source of supply for cocaine. "C. S." identified the first residence as Freeman's home, and the second residence as Freeman's trap house. "C. S." advised that he/she had been purchasing cocaine directly from Freeman since August 2019, approximately every other night. "C. S." also advised that when Freeman was out of town, "C. S." was directed to purchase cocaine from Murray, who would be staying at Freeman's trap house to distribute drugs on behalf of Freeman, in Freeman's absence. Lastly, "C. S." admitted that the Chiappa .380 caliber pistol recovered from Freeman's trap house when Murray was arrested had previously belonged to a close acquaintance of "C. S.'s". "C. S." stated that he/she gave the pistol to Freeman.

On March 12, 2020, Freeman called DEA Special Agent (SA) Andrews after having been advised about the execution of the search warrants on his properties. Freeman advised that he was currently on a cruise, but agreed to speak with agents upon his return. On March 16, 2020, Freeman voluntarily appeared at the DEA office in Gainesville, Florida. Freeman waived his rights and agreed to speak with

3

agents regarding his drug trafficking activities. During this interview, Freeman admitted that the drugs located in the "trap house" residence were his and that he had provided the drugs to Murray so that Murray could sell them while he was out of town on the cruise. This time period covered approximately March 7 to March 11, 2020, when the search warrant was executed. Freeman also advised that there were additional drugs near the trap house which had not been located and seized. Freeman admitted that the Chiappa .380 caliber pistol had originally been given to him by "C. S." approximately 2-3 months prior. Freeman gave the pistol to Murray when Freeman left for the cruise.

At the conclusion of the interview, Freeman led agents to a residence in Gainesville where he retrieved $10,000 US currency that he advised were proceeds from drug trafficking. Freeman voluntarily turned this money over to the DEA. Freeman then directed the agents back to the trap house, where he retrieved a black backpack from a wooded lot located just north of the residence. Inside the backpack, agents located 181.4 grams (gross) marijuana, 826 grams (gross) suspected MDMA, 140.4 grams (gross) cocaine, 260.5 grams (gross) synthetic cathinones, 76.1 grams (gross) synthetic cathinones, 30 grams (gross) prescription pills, and utensils used to cook cocaine base. Freeman advised that he and Murray kept additional drugs in that location to limit how much was within the trap house at

4

any given time.

The recovered drugs were sent to the DEA's Southeastern Laboratory and analyzed for controlled substances. The following results were obtained:

- The 145 grams (gross) of methamphetamine located at the trap house during the search warrant was confirmed to contain 109.0 grams of pure methamphetamine hydrochloride (98% purity). Methamphetamine hydrochloride is a salt of methamphetamine.
- The 45 grams (gross) of cocaine base located at the trap house during the search warrant was confirmed to contain 12.03 g of cocaine base.
- The 83 grams (gross) of powder cocaine located at the trap house during the search warrant was confirmed to contain 48 grams of cocaine hydrochloride. Cocaine hydrochloride is a salt of cocaine.
- The 140.4 grams (gross) of powder cocaine Freeman turned over to DEA was confirmed to contain 109.7 g of cocaine hydrochloride.
- The 826 grams (gross) of suspected MDMA Freeman turned over to DEA was confirmed to contain methamphetamine (calculated as HCL), Eutylone (a synthetic cathinone), and caffeine.

All of the above acts involved an ongoing agreement and active coordination during the dates alleged in the Indictment between Freeman, Murray, and others, to

distribute methamphetamine and other controlled substances in the Northern District of Florida and to obtain and possess methamphetamine and other controlled substances for distribution in the Northern District of Florida.

The Chiappa .380 pistol was manufactured by Girsan Machine and Light Weapon Company in Giresun, Turkey. The pistol was imported by Chiappa Firearms in Dayton, Ohio. The .380 caliber ammunition was manufactured by Hornady in Grand Island, Nebraska. The 9mm ammunition was manufactured by Remington in either Bridgeport, Connecticut or Lonoke, Arkansas. As this firearm and ammunition were manufactured outside the State of Florida and subsequently located within the State of Florida, they have travelled in and effected interstate and foreign commerce.

Murray's possession of the Chiappa firearm while possessing controlled substances with the intent to distribute them was in furtherance of that drug trafficking crime. The firearm was possessed at the trap house to protect Murray, the drugs he was to sell, and the cash.

On May 9, 2005, Defendant was convicted in the Circuit Court for Jefferson County, Florida, of a serious violent felony, that is, Carjacking, an offense described in Title 18, United States Code, Section 924(e)(2)(B)(i), for which he served a term of imprisonment of more than twelve months and was released from service of that

term on or about April 26, 2009.

On June 12, 2006, Defendant was convicted in the Circuit Court for Jefferson County, Florida, of a serious drug felony, that is, Sale of Controlled Substance, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(ii), for which he served a term of imprisonment of more than twelve months and was released from service of that term on or about April 26, 2009, which was within fifteen years of the commencement of the offenses charged in this case (that is on or about May 1, 2018, and March 7, 2020).

On June 12, 2006, Defendant was convicted in the Circuit Court for Jefferson County, Florida, of a serious drug felony, that is, Sale of Controlled Substance, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(ii), for which he served a term of imprisonment of more than twelve months and was released from service of that term on or about April 26, 2009, which was within fifteen years of the commencement of the offenses charged in this case (that is on or about May 1, 2018, and March 7, 2020).

In addition to the serious violent felony and serious drug felony convictions listed above, Murray was also previously convicted of the following crimes within

the State of Florida:

- Possession of Controlled Substance on June 12, 2006

- Possession of Controlled Substance on June 12, 2006

- Burglary Structure on July 7, 2014

- Burglary Conveyance with Assault on July 7, 2014

Murray previously served terms of imprisonment of almost three years and over four years. As such, he clearly knew that he had been convicted of crimes punishable by more than one year of incarceration.

## ELEMENTS

### Count 1: Conspiracy to distribute and possess with intent to distribute over 50 grams of methamphetamine, O100

(1) two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute and possess with intent to distribute methamphetamine;
(2) the Defendant, knew the unlawful purpose of the plan and willfully joined in it;
(3) the object of the unlawful plan was to distribute and possess with the intent to distribute more than 50 grams of methamphetamine; and
(4) the Defendant was previously convicted of at least two serious violent felonies and/or serious drug felonies, for which he defendant served a term of imprisonment of more than twelve months. Defendant was released from those sentences within 15 years of commencement of relevant conduct in this case.

## Count 2: Possession with intent to distribute over 50 grams of methamphetamine, cocaine, cocaine base, and marijuana, O98

(1) the Defendant knowingly possessed Methamphetamine, cocaine, cocaine base, and marijuana;
(2) the Defendant intended to distribute the drugs;
(3) the weight of the mixture and substance containing Methamphetamine Defendant possessed was more than 50 grams; and
(4) the Defendant was previously convicted of at least two serious violent felonies and/or serious drug felonies, for which he defendant served a term of imprisonment of more than twelve months. Defendant was released from those sentences within 15 years of commencement of relevant conduct in this case.

## Count 3: Possession of firearm in furtherance of drug trafficking crime O35.3

(1) that the Defendant committed the drug-trafficking crime charged in Count Two of the indictment; and
(2) that the Defendant knowingly possess a firearm in furtherance of that crime, as charged in the indictment.

## Count 4: Possession of firearm by convicted felon O34.6

(1) the Defendant knowingly possessed a firearm and ammunition in or affecting interstate or foreign commerce;
(2) at the time of the charged act, the Defendant had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year; and

(3) at the time of the charged act, the Defendant knew that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

_____
DAVID WILSON
Attorney for Defendant

_____10/27/2020_____
Date

_____Jamie Murray Sh_____
JAMIE LYNWOOD MURRAY
Defendant

_____10/27/20_____
Date

LAWRENCE KEEFE
United States Attorney

_____
CHRISTOPHER M. ELSEY
Florida Bar No. 0062475
Assistant United States Attorney
Northern District of Florida
401 SE 1st Avenue, Suite 211
Gainesville, Florida 32601
352-378-0996
Christopher.Elsey@usdoj.gov

_____10/27/20_____
Date