IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                   Case Nos.:   1:20cr7/AW/MAL
                                                                                               1:24cv133/AW/MAL

JAMIE L. MURRAY

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Jamie Murray's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and "Motion for Supplemental Authority."[1] ECF Nos 167, 170. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the Court finds the motion is untimely and it should be summarily dismissed.

BACKGROUND and DISCUSSION

On May 20, 2020, a federal grand jury charged Defendant in a four count indictment with: (1) conspiracy to possess with intent to distribute a controlled

---

[1] Defendant asks that the Motion for Supplemental Authority be held in abeyance until a ruling on the § 2255 motion. *See* ECF No. 170 at 10. In light of the instant recommendation, the motion will be denied.

substance in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute various controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(C) and (b)(1)(D); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (4) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). ECF No. 14.

On October 27, 2020, Defendant pled guilty to all four counts pursuant to a written plea agreement. ECF Nos. 68-71. The court sentenced Defendant at the low end of the applicable guidelines range to a total term of 360 months' imprisonment. ECF Nos. 101-102. Judgment was entered on March 23, 2021. ECF No. 101. Defendant did not appeal. He filed two motions for compassionate release, which the district court denied ECF Nos. 140, 143, 150, 151. He appealed the denial of those motions, but the Eleventh Circuit dismissed both appeals for want of prosecution. ECF Nos. 144, 149, 154, 161, 168.

Defendant filed the instant motion to vacate on July 24, 2024, pursuant to the prison mailbox rule. ECF No. 167 at 24. In response to the question on the § 2255 form about the timeliness of his motion, Defendant states he relies on the new rule of constitutional law set forth in the Supreme Court's decision in *United States v.*

*Davis,* 139 S. Ct. 2319 (2019), which was decided even before he was indicted. *Id.* at 22.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. If a defendant does not file an appeal, his conviction becomes final when the fourteen-day time period for filing an appeal expires. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011).

In this case, Defendant's conviction and sentence became final when the time for filing an appeal expired, on April 6, 2021. Therefore, a timely § 2255 motion must have been filed no later than April 6, 2022. As noted, Defendant's motion was not filed until July 24, 2024. His attempt to rely on *Davis*, which was decided *before* he was indicted, to establish the timeliness of his motion is unavailing. ECF No. 167

at 10-11. Furthermore, there is nothing in the record to suggest Defendant intended to, or is entitled to, rely on the doctrine of equitable tolling or actual innocence. *See Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002); *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Therefore, his motion should be summarily dismissed as untimely. In light of this conclusion his Motion for Supplemental Authority will be denied as moot.[2]

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84

---

[2] Defendant cites to *Chiaverini v. City of Napoleon*, 602 U.S. --, 144 S. Ct. 1745, 2024 WL 3056034 (2024) as his supplemental authority. The Supreme Court in *Chiaverini* held that a Fourth Amendment malicious prosecution claim under 42 U.S.C. § 1983 may proceed even if there are other contemporaneous valid charges.

(2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED:**

Defendant's Motion for Supplemental Authority, ECF No. 170, is DENIED as moot.

And it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence, ECF No. 167, be summarily DISMISSED as untimely.

2. A certificate of appealability be DENIED.

At Gainesville, Florida on August 14, 2024.

s/ *Midori A. Lowry*  
Midori A. Lowry  
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.