IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

v.    Case Nos.   1:20-cr-7-AW-MAL
                  1:24-cv-133-AW-MAL

**JAMIE LYNWOOD MURRAY,**

   Defendant.
_____/

## ORDER OF DISMISSAL

Jamie Murray received a 360-month guidelines sentence after he pleaded guilty to drug and firearm offenses. Years later, he sought § 2255 relief based on *United States v. Davis*, 139 S. Ct. 2319 (2019), which issued before he was indicted. The magistrate judge issued a report and recommendation concluding the court should dismiss the § 2255 motion as untimely. ECF No. 172. Murray filed a notice of appeal, and an Eleventh Circuit appeal has been docketed.[1] Murray did not file any objections to the report and recommendation.

Having carefully considered the matter, I now adopt the report and recommendation and incorporate it into this order. Murray's § 2255 motion was

---

[1] The magistrate judge's report and recommendation was not a final order subject to appeal. But Murray's premature appeal does not deprive this court of jurisdiction to enter final judgment. Even a proper interlocutory appeal over which the appeals court *does* have jurisdiction does not deprive a district court of jurisdiction to enter final judgment. *See Burton v. Georgia*, 953 F.2d 1266, 1272 n.9 (11th Cir. 1992); *Birmingham Fire Fighters Ass'n 117 v. City of Birmingham*, 603 F.3d 1248, 1254 (11th Cir. 2010).

1

indeed untimely and is subject to dismissal. The clerk will enter a judgment that says, "The § 2255 motion is dismissed as untimely." A certificate of appealability is denied. The clerk will close the file.

    SO ORDERED on September 23, 2024.

                                         s/ *Allen Winsor*
                                         United States District Judge